[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11486
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60271-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN CELIUS ANDRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 8, 2020)

Before ED CARNES, Chief Judge, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Alvin Andre was caught in an undercover sting operation attempting to pay for sex with a child.  After a jury trial, he was convicted of attempted enticement of a minor and attempted sex trafficking of a minor.  This is his appeal.

I.

In January 2018, FBI agent Matthew Fowler began an undercover sting operation to catch child abusers.  He placed an ad on Craigslist posing as a man who abused his nine-year-old daughter and who was looking for another man to have sex with her.  In the title of his ad he said that he was a "younger dad" and included "MW4M," meaning man and woman looking for a man.  In the body of the ad he wrote: "Younger dad looking for other like-minded. Daughter here. . . . Love to meet others with similar interests."

The next day, Andre contacted Fowler, saying he had read the ad and "wanted to see what's up."  Fowler replied that he was looking for others into "younggggg," a spelling that he knew, based on his experience investigating child abuse cases, meant underage.  After confirming that Fowler was talking about his nine-year-old daughter, Andre asked for a picture.  They continued to text back and forth.  Andre asked if Fowler was a cop and, being assured that he was not, began to ask questions and describe in graphic and horrifying detail his plans to have sex with the nine-year-old child.

2

Agent Fowler attempted to arrange a meeting with Andre in January, but Andre did not show up for the meeting.  Fowler contacted Andre the next week and invited Andre to another meeting in mid-February, but the plans fell through again.

Over the next seven months, Andre would stop texting agent Fowler for long periods of time.  At one point, he did not text Fowler for three months.  But Andre eventually restarted the conversation and steered the topic of conversation to the daughter.  During their conversations that summer, Fowler told Andre that his daughter had turned ten.

In September, Fowler and Andre arranged another meeting.  The two agreed that Andre would pay $100 to have sex with the ten-year-old child, $50 in advance and $50 after.  They met at a McDonald's where Andre paid $50 to Fowler.  They left together, and Andre was arrested in the parking lot.

Andre pleaded not guilty and went to trial.  He moved for judgment of acquittal after the government rested, but the court denied his motion.  Andre did not call any witnesses for his defense.  He objected to the jury instruction that the court gave on entrapment and proposed his own.  The district court overruled Andre's objection and used the Eleventh Circuit pattern jury instruction for entrapment instead of his.  He was convicted of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and attempted sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) and 18 U.S.C. § 1594(a).

Andre makes two contentions on appeal. First, that the district court abused its discretion in declining to use his proposed entrapment instruction. And second, that the evidence was insufficient to support the convictions.

## II.

The entrapment instruction that Andre proposed, and the district court rejected in favor of the Eleventh Circuit pattern jury instruction, stated the following:

> "Entrapment" occurs when a government agent induces a Defendant to commit a crime that the Defendant was not already willing to commit.
>
> The Defendant has claimed to be a victim of entrapment regarding the offenses charged in the indictment.
>
> The law forbids convicting an entrapped Defendant.
>
> The Government must prove beyond a reasonable doubt that the Defendant was willing to commit the crimes charged in the indictment before this contact with the government agent and without the inducement of the government agent.
>
> If you have a reasonable doubt about whether the Defendant was willing to commit the crimes charged in the indictment before his contact with the government agent and without the inducement of the government agent then you must find the Defendant not guilty.

The Eleventh Circuit pattern jury instruction, which the court gave instead, stated as follows:

> "Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the Defendant had no previous intent to commit.

4

The Defendant has claimed to be a victim of entrapment regarding the charged offense.

The law forbids convicting an entrapped Defendant.

But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the Defendant to commit a crime.

For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.

So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the Government only offered the Defendant an opportunity to commit a crime the Defendant was already willing to commit.

But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

Eleventh Circuit Criminal Pattern Instruction, No. S13.1 (2016).

We review a district court's rejection of a proposed jury instruction only for abuse of discretion. United States v. Lebowitz, 676 F.3d 1000, 1014 (11th Cir. 2012). "Although a defendant may request a specific instruction, the court is not obligated to use the exact wording of the proposed instruction, as long as the words chosen clearly and accurately state the proposition being requested." United States v. Duff, 707 F.2d 1315, 1320–21 (11th Cir. 1983). A district court's refusal to give a requested jury instruction is grounds for reversal only if "(1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover

the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." Lebowitz, 676 F.3d at 1014 (quoting United States v. Culver, 598 F.3d 740, 751 (11th Cir. 2010)).

Andre argues that his proposed instruction includes an important element of entrapment that is missing from the pattern jury instructions. He asserts that under Jacobson v. United States, 503 U.S. 540 (1991), to overcome an entrapment defense, the government must show that the defendant had a predisposition to commit the crime before coming into contact with the government agent; that predisposition requirement is not clear from the pattern jury instruction; therefore, his ability to present an effective defense was substantially impaired.

We disagree with his minor premise. The pattern jury instruction states that entrapment "occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the Defendant had no previous intent to commit" and that "if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty." Those sentences clearly communicate that the defendant cannot be convicted unless the government proves beyond a reasonable doubt that he was predisposed to commit the crime before the government agent did anything to persuade him to do it. Because the jury charge that was given covered the gist of

the requested instruction, the refusal to give it did not impair Andre's ability to mount an entrapment defense.

Our prior decisions support that holding.  In United States v. Brown, 43 F.3d 618 (11th Cir. 1995), for example, we held that an older version of the pattern jury instruction for entrapment, with substantially similar language, properly communicated the predisposition requirement described under Jacobson.  In Brown, the instruction said that if the evidence left the jury with "reasonable doubt whether a defendant had any intent to commit the crimes except for inducement or persuasion on the part of the Government officer or agent," the jury had to find the defendant not guilty.  43 F.3d at 628 (emphasis added).  We held that language was good enough to communicate the predisposition requirement.

The instruction here is essentially the same as the one in Brown.  It says that "if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then [the jury] must find the Defendant not guilty." (Emphasis added).  The court's charge to the jury communicated the gist of the instruction that Andre wanted, and the court did not abuse its discretion by refusing to give his proposed instruction.  See Lebowitz, 676 F.3d at 1014.

7

III.

Andre also challenges the sufficiency of the evidence underlying his convictions. He argues that the government failed to demonstrate both that he had the specific intent to entice a minor for the purposes of § 2422(b) and that before the government had contact with him Andre was predisposed to commit the crimes for which he was convicted.

We review de novo a challenge to the sufficiency of the evidence. United States v. Isnadin, 742 F.3d 1278, 1303 (11th Cir. 2014). We view the evidence in the light most favorable to the government, resolving all reasonable inferences and credibility evaluations in favor of the verdict. Id. To be sufficient to support a conviction, the evidence "need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." Id. (quotation marks omitted). Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt. Id.

A.

Andre argues that the government failed to demonstrate that he had the specific intent to entice a minor for the purposes of 18 U.S.C. § 2422(b). Section 2422(b) applies if a defendant uses interstate commerce and "knowingly persuades, induces, entices, or coerces any individual" who is not yet eighteen years

8

old to engage in prostitution or sexual activity.  To prove attempt under § 2422(b), the government must prove that the defendant (1) had the specific intent to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity, and (2) took a substantial step toward the commission of the underlying crime. United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007).

A defendant does not have to communicate or negotiate directly with a child to be convicted under § 2422(b), nor does the child even have to exist.  A defendant "can be convicted under [§ 2422(b)] when he arranges to have sex with a minor or a supposed minor through communications with an adult intermediary."  United States v. Lanzon, 639 F.3d 1293, 1299 (11th Cir. 2011).

Andre asserts that because the Craigslist ad he responded to indicated that the father had already assented to the sexual contact, the government did not prove that he had the specific intent to persuade, induce, entice, or coerce anyone.  That argument is foreclosed by United States v. Rutgerson, 822 F.3d 1223 (11th Cir. 2016).  In Rutgerson, the defendant argued that the minor had already indicated through an online ad that she would have had sex with anyone who paid, so he did not have the intent to coerce her.  Id. at 1233.  We rejected that argument, holding that "offering or agreeing to pay money in exchange for engaging in various sex acts qualifies as inducement within the meaning of the statute."  Id. at 1234 (emphasis added).  Because merely agreeing to the underaged victim's price in

9

exchange for sex counts as inducement, the defendant violated the act by attempting to "persuade or induce [the minor] to engage in sex with him by offering to pay her money (and a substantial amount at that) for her services." Id.

So too here. It does not matter that the child in this case does not exist or that the fictional father had already assented to sexual contact between her and an adult. See Lanzon, 639 F.3d at 1299. What matters is that Andre agreed to pay money to have sex with a child. The government put forth sufficient evidence for a conviction under § 2422(b).

B.

Andre also argues that the government did not establish that he had a predisposition to commit the enticement and the sex trafficking crimes. Specifically, he asserts that the government failed to show that he was predisposed to commit those crimes because it found no evidence of child pornography or any other attempt to have sex with a child when it searched his phone and laptop. He argues that his chats with Fowler cannot show predisposition because he had already been contacted by police, so his willingness to sleep with a child at the government's prompting cannot prove that he was predisposed to sleeping with children.

The entrapment defense applies if (1) the government induced the defendant to engage in criminal activity and (2) the defendant was not predisposed to commit

10

the crime before the inducement.  Rutgerson, 822 F.3d at 1234.  The defendant bears the initial burden of production to show that the government "created a substantial risk that the offense would be committed by a person other than one ready to commit it."  Id.  Once the defendant has met this burden, the government must establish the defendant's predisposition to commit the alleged offense — it must prove beyond a reasonable doubt that the defendant was predisposed to commit the criminal act before he was approached by Government agents.  Id. at 1234–35.

Both parties seem to assume that Andre showed that the government induced him to engage in the illegal activity, so the question before us is whether Andre was predisposed to commit his crimes before he was contacted by the government. Even though predisposition involves the defendant's willingness to commit the crime before he was contacted by the government, proving it does not require pre-contact evidence.  Predisposition can be proven by the defendant's "ready commission" of the charged crime.  Id.  Or it can be shown if the defendant is given the opportunity to back out of the illegal activity but fails to do so.  Id.  Whether a defendant was predisposed to committing a crime is a "fact-intensive and subjective inquiry."  Id.

The government's evidence proved that Andre was predisposed to commit the crimes.  It showed that Andre was the one who initially contacted Fowler in

11

response to the Craigslist ad.  It showed that once Andre knew the daughter was nine years old he chose to ask for photos of her and continued to plan to have sex with her.  And it showed that Andre had plenty of opportunity to back out of the crimes during the months-long gap in communication but chose instead to re-engage with Fowler and break the law.  That is enough to show predisposition.

**AFFIRMED.**